## North Chicago St. R. R. Co. v. Mary E. Irwin, Executrix, etc.

1. NEGLIGENCE—*Street Car Companies Running North-Bound Cars upon South-Bound Tracks.*—An instruction by which the jury are told that they may find a street car company, running a car northwardly on a track generally used for south-bound traffic, guilty of negligence, is erroneous.

Trespass on the Case.—Death from negligent act. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

GEORGE A. DUPUY and CLARENCE S. DARROW, attorneys for appellee.

MR. PRESIDING-JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover for personal injuries, resulting in the death of Frank W. Irwin, alleged to have been caused by the negligence of the appellant.

The deceased was riding home from business on his bicycle at a late hour, about half after eleven o'clock, at night, upon North Clark street, Chicago. The testimony tends to show that he was struck by an electric car, which was at the time proceeding northward upon the west of the

two tracks of the defendant company, instead of upon the east track ordinarily used by north-bound cars. The motorman states that when he first saw the deceased, the latter was about twenty-five or thirty feet in front of the car, and was riding between the tracks; that he at once shut off the current, but the deceased turned his wheel apparently away from the approaching car, and thereupon he released the brake and allowed the car to go ahead; and that when the car was within twelve or fifteen feet, and the deceased " switched his bicycle in a triangular way in front of the car," and was run over before the car could be stopped. It is contended by appellee's counsel that the deceased supposed the north-bound car, which was coming behind him, to be running in the usual manner upon the east track, and that he turned out upon the west track to get out of its way, entirely ignorant of the fact that it was not upon the right track, and that he was, in thus turning to the left, getting in front of the car he was intending to avoid; that in so doing, the deceased was in the exercise of ordinary care for his own safety, and that it was the negligence of the defendant company in running at what was, under the circumstances, a dangerous rate of speed upon the left-hand track, which caused the fatal accident.

There is evidence tending to support this contention, and we could not say that the verdict and judgment are contrary to the evidence, if the jury had been accurately instructed as to the law. At the request of appellee's counsel, the court gave the following instruction :

" 1.   The court instructs the jury that they are the sole judges as to what facts are proven by the evidence in the case, and as to whose fault it was that Frank W. Irwin was injured, if they find from the evidence that he was injured. They are further instructed, that if they find from the evidence that said Irwin was in the exercise of ordinary care for his personal safety at and prior to the time of the injury, and if they further find that the North Chicago Street Railroad Company was guilty of negligence which caused the injury, either in running a car northwardly on a track generally used for south-bound traffic (if they find track was so used, and that said car was so run), or in running said car at a rate of speed which was high and unsafe,

considering that said car was on the track usually devoted to south-bound traffic (if the jury find it to have been on said track), or if they find that such injury was caused by said car having been driven in a careless and reckless manner (if they find it to have been so driven), then, the jury should find the issues for the plaintiff, and assess her damages at such amount as they find from the evidence would be a just compensation for the pecuniary loss sustained by the next of kin of said deceased; not, however, exceeding the sum of five thousand dollars ($5,000), if they find that said injuries resulted in the death of said Irwin. But whether running the car on the south-bound track, or the speed, or the manner of driving the car was or were negligence, is a question for the jury only, upon which the court intimates no opinion."

This instruction is clearly open to the objection urged against it by appellant's counsel. By it the jury were authorized to find the appellant company guilty of negligence " in running a car northwardly on a track generally used for south-bound trains." To so run a car is not negligence in itself, independent of the other circumstances and conditions. We can not say that this instruction was not prejudicial. It seems to express the theory upon which the case was presented to the jury, inasmuch as the court refused an instruction requested by appellant's counsel, " that the act of the defendant in running its car on the west track in a northerly direction is, of itself and alone, not sufficient to charge the defendant with negligence."

We can not agree with appellee's counsel, that the error was cured by the last clause of the instruction in question, which told the jury that whether running the car on the south-bound track was negligence, " is a question for the jury only." " It is not the mere matter of moving on the left track that constitutes negligence," say appellee's counsel in their brief, " but it is the fact coupled with the other facts appearing in this record that constituted the negligence of which complaint is here made." The instruction directly contradicts the theory thus stated, and is erroneous.

There is no allegation in the declaration of defective

machinery. If it is claimed that the appellant was negligent in that respect, the declaration should so state. Otherwise testimony intended to sustain such charge is not competent.

The judgment of the Superior Court must be reversed and the cause remanded.